IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA GALE,

    Plaintiff,

v.                                                                            Civ. No. 23-708 GBW/JHR

HOME DEPOT, U.S.A., INC., *et al.*,

    Defendants,

and

HOME DEPOT, U.S.A., INC.,

    Cross-Claimant,

v.

ALLEGION ACCESS
TECHNOLOGIES, LLC,

    Cross-Defendant.

## ORDER

THIS MATTER comes before the Court upon Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss for Failure to Timely Substitute Proper Party for Deceased Plaintiff (*doc. 103*), Plaintiff's Motion to Substitute Parties (*doc. 106*), and Defendant Allegion Access Technologies, LLC's Motion for Default Judgment on Home Depot U.S.A., Inc.'s Motion to Dismiss for Failure to Timely Substitute Proper Party for the Deceased Plaintiff (*doc. 107*).  The Court, having reviewed the filings and held a hearing,

1

*doc. 121*, and being otherwise fully advised in the premises, will GRANT Plaintiff's motion and DENY Defendants' motions.

On March 17, 2025, Defendant Home Depot U.S.A., Inc. ("Home Depot") filed a motion to dismiss the action for failure to timely substitute the proper party for the deceased Plaintiff under Fed. R. Civ. P. 25(a)(1). *Doc. 103*. The substitution was necessitated by Plaintiff's death, as noted in the Suggestion of Death filed by Plaintiff's counsel on December 11, 2024. *See doc. 83*. In support of its motion, Defendant Home Depot argues that Plaintiff failed to meet the applicable deadlines for filing a motion to substitute. *Doc. 103* at 1-3. Defendant Home Depot contends that the applicable deadlines were either (a) March 1, 2025, pursuant to the Court's scheduling order, or (b) March 11, 2025, pursuant to Fed. R. Civ. P. 25. *Id*. Because Plaintiff failed to file a motion to substitute within either of those deadlines (nor at the time Defendant Home Depot's motion to dismiss was filed), Defendant Home Depot contends that dismissal is required. *Id*. Plaintiff failed to respond to the motion to dismiss. However, on March 24, 2025, the Estate of Patricia May Gale filed a motion to substitute it for Patricia May Gale. *Doc. 106*. No defendant responded to the motion to substitute. However, Defendant Allegion Access Technologies, LLC filed a motion seeking "a Default Judgment on Defendant Home Depot's Motion to Dismiss" based on the same arguments made by Defendant Home Depot and Plaintiff's failure to respond to Defendant Home Depot's motion. *Doc. 107*.

2

As an initial matter, the Court rejects March 1, 2025, as a relevant deadline for the motion to substitute. Without more explicit language, that deadline set by Judge Ritter applied to amendments made pursuant to Fed. R. Civ. P. 15. *See doc. 100* at 2, n.1. As this amendment is sought pursuant to Fed. R. Civ. P. 25, its deadline is governed by the "90-day" deadline of Rule 25. Because March 11th was 90 days after the filing of the Suggestion of Death, Defendant Home Depot contends it is the applicable deadline.

Rule 25 provides that:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . A motion to substitute, together with the notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (3). Thus, Rule 25 sets a 90-day limitations period. However, the running of that period is not triggered until two things have occurred. First, a formal suggestion of death must be made on the record. *See Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990). Second, the "suggestion of death must be served in accordance with Rule 25(a)(1)."[1] *Id*. at 837. The "service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate,

---

[1] Although *Grandbouche* interprets a prior version of Rule 25, the amendment was stylistic only. *See* Fed. R. Civ. P. 25 advisory committee's note to 2007 amendment. The current version of Rule 25(a), which reorganizes the rule into three subparts and modernizes its language, does not alter its substantive requirements or operation.

3

must be service pursuant to Fed. R. Civ. P. 4." *Id*. Under Fed. R. Civ. P. 4, service on counsel for an estate is insufficient. *Id*. In the instant case, while there was a formal suggestion of death filed on the record, there is no evidence of service of that document on representatives of the estate pursuant to Fed. R. Civ. P. 4. Consequently, based on the record before the Court, the Rule 25 limitations period still remains untriggered. Therefore, Plaintiff's Rule 25 motion to substitute is not untimely.

As Defendants' motions and opposition to Plaintiff's motion are based on untimeliness,[2] they are without merit.

**IT IS THEREFORE ORDERED** that Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss for Failure to Timely Substitute Proper Party for Deceased Plaintiff (*doc. 103*) is DENIED, Plaintiff's Motion to Substitute Parties (*doc. 106*) is GRANTED, and Defendant Allegion Access Technologies, LLC's Motion for Default Judgment on Home Depot U.S.A., Inc.'s Motion to Dismiss for Failure to Timely Substitute Proper Party for the Deceased Plaintiff (*doc. 107*) is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[2] Defendant Allegion Access Technologies, LLC's motion is also based on Plaintiff's failure to respond to the dismissal motion. However, a district court may not grant a motion to dismiss "merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). Instead, such a dismissal is viewed as a sanction after an explicit analysis of the *Meade* factors. *Id*. at 1177-78 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988)). As no Defendant has presented an argument under the *Meade* factors, the Court will not further address dismissal based on the failure to respond.